**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIGEL DWAYNE PARMS, | ) | |
| | ) | Civil Action No. 2:25-cv-1895 |
| Plaintiff, | ) | |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ALLEGHENY COUNTY FACILITY, *et al.*, | ) | Re: ECF No. 19 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to comply with an Order of this Court to submit an amended complaint that conforms to Rule 8 of the Federal Rules of Civil Procedure. Dismissal should be without prejudice to file a complaint that complies with Rule 8 at a new cause of action, should Plaintiff choose to do so.

**II. REPORT**

Nigel Dwayne Parms ("Plaintiff") was, at the initiation of this case, an inmate held at the Allegheny County Jail in Pittsburgh, Pennsylvania. ECF No. 1-3 at 98. Plaintiff began this matter on December 9, 2025, by filing a prolix civil rights Complaint that was about 300 pages long (exclusive of about 50 additional pages of exhibits), and named roughly 80 Defendants. ECF No. 1.

On December 22, 2025, the undersigned struck the initial Complaint because it failed to comply the requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief" set forth in Federal Rule of Civil Procedure 8(a). ECF No. 8. Plaintiff was

1

directed to file an amended complaint, and was provided with detailed instructions explaining how to do so. Id.

Plaintiff submitted an Amended Complaint on March 25, 2026. ECF No. 19. The Amended Complaint did not correct the deficiencies of the initial Complaint. To the contrary, it was even more prolix than the original. The Amended Complaint is 367 pages long, names more than 130 Defendants, and is almost impossible to follow.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure due to a plaintiff's failure to prosecute or to comply with an order of court. See Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

2

Consideration of these factors follows.

(1) The extent of the party's personal responsibility

Plaintiff is proceeding in this matter *pro se*, and alone is responsible for prosecuting this case and complying with orders of this Court. Plaintiff was provided with an explicit explanation of the deficiencies in his initial Complaint, as well as specific instructions on how to cure those deficiencies. ECF No. 8. Plaintiff is solely responsible for failing to comply with those instructions and the Federal Rules of Civil Procedure.

(2) Prejudice to the adversary

The filing fee has been fully paid. However, there is no indication that the Amended Complaint has been served on any currently-named Defendant. There is no indication that any Defendant has been prejudiced unfairly by Petitioner's conduct at this point in time.

That said, given the allegations made Plaintiff's Motion and Declaration In Support of Motion to Proceed *in Forma Pauperis*, ECF No. 2, which was denied as moot in light of payment of the filing fee, ECF No. 7, it is unlikely that Plaintiff has the resources to serve the Amended Complaint on each of the more-that 130 Defendants that he intends to sue. To the extent that Plaintiff might request service by the United States Marshals Service, he still would need to provide service forms and service copies for each Defendant – totaling more than 48,000 pages just in copies of the Amended Complaint. Thus, it is unlikely that Defendants ever would be served the Amended Complaint.

(3) A history of dilatoriness

Plaintiff has refused to submit a complaint that complies with the "short and plain statement" requirement set forth in Rule 8(a). Instead, the Amended Complaint that he did submit was just as lengthy, rambling, and unintelligible as the original, and named even more Defendants.

3

This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to comply with the orders of this Court or with the Federal Rules of Civil Procedure.

(4) Whether the party's conduct was willful or in bad faith

There is no indication on the record that Plaintiff's conduct to date was the result of any "excusable neglect." Poulis, supra. To the contrary, Plaintiff was provided with specific instructions on how to prepare an acceptable amended complaint, but has refused to follow them.

(5) Alternative sanctions

Plaintiff currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees likely would be an effective sanction.

(6) Meritoriousness of the case

It is unclear at this early stage in the case whether any of the claims asserted in the Amended Complaint has any merit.

Four of the six Poulis factors weigh in favor of dismissal, and the balance of these factors favors dismissal.

Further, the United States Court of Appeals for the Third Circuit has recognized the importance of Rule 8's "short and plain statement" requirement "because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Kamdem-Ouaffo v. Huczko, 810 F. App'x 82, 84 (3d Cir. 2020) (internal quotations, citations, and brackets omitted). As a result, dismissal is an appropriate sanction for the repeated filing of prolix complaints. Id. at 84-85 and n.1.

Thus, dismissal is appropriate under Rule 41(b).

## III. CONCLUSION

Based on the reasons set forth above, it respectfully is recommended that this case be dismissed, without prejudice to refiling a complaint that complies with Rule 8 at a new cause of action if Plaintiff wishes to do so.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: April 8 , 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Nora Barry Fischer
       United States District Judge

       NIGEL DWAYNE PARMS
       P.O. BOX 22092
       Pittsburgh, PA 15222